Richard A. Hearn, Esq., ISB #5574
T. Jason Wood, Esq., ISB #5016
HEARN & WOOD, LLP
1906 Jennie Lee Dr.
Idaho Falls, ID 83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: rick@hwlawpro.com
Email: jason@hwlawpro.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ZEYEN,<br><br>Plaintiff,<br><br>v.<br><br>POCATELLO/CHUBBUCK SCHOOL DISTRICT #25, CENTURY HIGH SCHOOL, MARY M. VAGNER, JOHN DOES I-X,<br><br>Defendants. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

PLAINTIFF MICHAEL ZEYEN (hereinafter "Zeyen"), for cause of action against the above-named defendants, alleges as follows:

1. This is an action for declarative and injunctive relief, and money damages, arising under 42 U.S.C. §1983, the First, Fifth and Fourteenth Amendments to the United States Constitution, the Idaho Constitution, Art. I, §13 and Art. XXI, §20, the Idaho Parental Rights Act, Idaho Code § 32-1010, *et seq.*, and the Idaho Tort Claims Act, Idaho Code §6-901, *et seq.*

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 13321 1343(a)(3) and 1343(a)(4).

3. Venue is proper under 28 U.S.C. § 1391(b).

4. Zeyen is, and at all times material hereto was, a resident of Bannock County, Idaho, and natural and biological parent and legal and physical custodian of the minor children O.Z. (born xx/xx/1999), N.Z. (born xx/xx/2001), and A.Z. (born xx/xx/2006).

5. Defendants Pocatello/Chubbuck School District #25 is, and at all times material hereto was, a political subdivision of the State of Idaho acting pursuant to its respective official, established policies, procedures, and practices, and under color of state law.

6. Defendant John/Jane Does I-X are employees, officers, directors and/or agents of the school district and/or its schools, who were acting pursuant to its respective official, established policies, procedures, and practices, and under color of state law.

7. Plaintiff's minor children attend, and at all times material hereto attended, the defendant school district.

8. On or about May 4, 2015, the defendants, and each of them, indefinitely banned Zeyen from entering any district, school building, his children's classrooms at any of their schools, and from any school-related activities whether on or off district property, without affording Zeyen any prior notice or an opportunity to contest or present evidence in opposition to the ban.

9. Defendants' actions in indefinitely barring Zeyen from district property and school activities off district property violated Zeyen's Constitutional rights to substantive and procedural due process, freedom of expression, freedom of association and right of access to

public property, and unduly interferes with his Idaho statutory and fundamental constitutional right to direct the upbringing, education, and care of his children, as well has his children's corresponding constitutionally-protected relationship with Zeyen.

10. As a direct and proximate result of the defendants' unlawful conduct as alleged above, Zeyen has suffered serious, irreparable mental and emotional injuries, pain, distress, anguish, embarrassment and humiliation, as well as other actual damages, in amounts to be proven at trial.

11. The harm caused by the defendants' unlawful conduct as alleged above is irreparable, is likely to continue without Court intervention, and therefore a remedy at law is inadequate.

12. Plaintiff filed a notice of tort claim on the defendants in compliance with Idaho Code §6-901, *et. seq*., which is timely because the defendants' tortious and unlawful ban against Zeyen described above continues, thereby tolling the time limit within which the tort claim must be filed.

13. The defendants' misconduct was willful and/or reckless conduct within the meaning of Idaho Code §6-1603(4)(a), thereby removing any statutory limitations under Idaho law on Plaintiffs' recovery for their noneconomic damages sustained herein.

14. The defendants' conduct and policies as alleged above were malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which he is entitled to an award of punitive damages for violation of his rights under 42 U.S.C. §1983.

15. Pursuant to 28 U.S.C. § 1988 and Idaho Code § 32-1013(5), Plaintiff is entitled to recover his reasonable attorney fees and costs incurred in this matter.

16. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, as follows:

1. For a judicial declaration that the defendants' conduct and policies were in violation of Plaintiff's rights secured by the United States Constitution.

2. For injunctive relief, enjoining the defendant from similar future misconduct.

3. For an award of damages for, inter alia, Plaintiff's mental and emotional pain, suffering, anguish, distress, humiliation and embarrassment.

4. For an award of punitive damages in amounts to be proven at trial.

5. For an award of reasonable attorney fees.

6. For costs incurred in prosecuting this action.

7. For such further relief as this Court deems equitable and just.

DATED this 12th day of October, 2016.

HEARN & WOOD, LLP

By: /s/
T. Jason Wood, Esq.